**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MINA RAFIK WADIE BEHNAM,

Petitioner,

v.

ERNESTO SANTACRUZ JR., ETC., ET AL.,

Respondents.

No. SA CV 26-2916-E

ORDER FOR ENTRY OF JUDGMENT

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus" on October 5, 2026. The Petition seeks relief from the "Intensive Supervision Appearance Program" ("ISAP") imposed on Petitioner by Immigration and Customs Enforcement ("ICE"). Respondents failed to file any timely Answer to the Petition.[1]

///

///

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding the "Notice of General Order 26-05, etc." ("The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted").

## BACKGROUND

Petitioner, a native and citizen of Egypt, entered the United States on a nonimmigrant B-1 visa on or about September 18, 2022. Petitioner's authorization to remain in the United States apparently expired in March of 2024.

Also in 2024, Petitioner filed an application for asylum and for withholding of removal. This application has not yet been adjudicated. Petitioner is also the subject of a pending alien relative petition filed by Petitioner's spouse, a lawful permanent resident.

Petitioner has no criminal record. He has received a work permit. He is employed as a dental assistant and is studying to become a dentist.

On February 19, 2026, Petitioner received a notice to appear, charging him with removability for overstaying his visa. Petitioner complied with the notice to appear and has reported whenever called upon to do so. A hearing before the immigration court is scheduled to occur on February 11, 2027.

Petitioner dutifully appeared for a check-in with ICE on September 10, 2026. At that time, ICE placed Petitioner into the ISAP and required, among other things, that he wear an ankle monitor. No immigration judge has found Petitioner to be a danger to the community or a risk of flight. No immigration judge has determined that an ankle monitor or any of the other stringent conditions of ISAP are appropriate for Petitioner.

The conditions of ISAP have disrupted Petitioner's daily life, at home and at work. The ankle monitor has caused Petitioner pain and problems requiring medical treatment.

///

///

## DISCUSSION

Respondents failed to file a timely Answer. However, habeas relief may not properly issue as a consequence of a respondent's default. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014). To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).

The federal Constitution guarantees the availability of the writ of habeas corpus to individuals within the United States, regardless of citizenship. Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). A petitioner in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

This Court, like the majority of courts to have considered the issue, finds that the ISAP restrictions imposed on Petitioner qualify as "custody" for purposes of section 2241. See, e.g., M.A.M.G., et al. v. Albarran, 2026 WL 2547047, at *4-5 (N.D. Cal. Aug. 27, 2026) (and cases cited therein); see also Jones v. Cunningham, 371 U.S. 236, 240 (1963) ("besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus").

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard

"at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

In the present case, Petitioner overstayed his visa, but immigration authorities elected not to detain Petitioner for years thereafter. To the contrary, Petitioner received a work permit and built a substantial life in the United States while his asylum application remained pending. A noncitizen in such circumstances possesses a constitutionally protected liberty interest in remaining free from custody. See, e.g., Tu v. Janecha, 2026 WL 2656614 (C.D. Cal. Sept. 8, 2026); Tello Vazquez v. Mullin, 2026 WL 1911507 (W.D. Wash. July 2, 2026); Wu v. Chestnut, 2026 WL 1906294 (E.D. Cal. July 1, 2026); Grigoryan v. Lyons, 2026 WL 2032230 (C.D. Cal. June 16, 2026); Kharitonova v. Albarran, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026); but see Jesus v. Santacruz, 2026 WL 1947628 (C.D. Cal. July 2, 2026).

In the present case, ICE's unilateral imposition of the ISAP on Petitioner violated his due process rights. As reflected in case law evaluating legally indistinguishable circumstances, all three of the Mathews factors militate toward this conclusion. See, e.g., M.A.M.G., et al. v. Albarran, 2026 WL 2547047, at *5-7; Harrington v. Albarran, 2026 WL 800113, at *6 (N.D. Cal. March 23, 2026); A.B.D., et al. v. Wamsley, 2026 WL 178306, at *9-10 (D. Or. Jan. 22, 2026); see also N-N- v. McShane, 813 F. Supp. 3d 496, 502 (E.D. Pa. 2025).

**CONCLUSION**

For all of the foregoing reasons, the Petitioner is granted in part. Respondents are ordered immediately to release Petitioner (A# 233-837-400) from the conditions of ISAP (including but not limited to the ankle monitor), and Respondents are enjoined from

///

///

imposing an ankle monitor or other ISAP conditions on Petitioner without a prior determination by an immigration judge that such conditions are appropriate for Petitioner.[2]

DATED: October 15, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[2] Petitioner has failed to justify any different or additional form of habeas relief.